# MINUTES OF THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

*UNITED STATES OF AMERICA*   v.   *FRANCISCO SONZA EXALA*

THE HONORABLE JOHN W. SEDWICK          CASE NO. 3:07-cr-00141 (JWS)

PROCEEDINGS:   **ORDER FROM CHAMBERS**          Date: January 28, 2008

  Defendant was convicted of one count of false use of a passport in violation of 18 U.S.C. § 1543, and five counts of false use of a social security number in violation of 42 U.S.C. § 408(a)(7)(A). The false use of the social security number enabled defendant to obtain permanent fund dividends to which he was not entitled. The parties have agreed that the amount of loss to the State of Alaska, which was the victim of the social security crimes, is $4,714.28. Plaintiff asks the court to include a restitution order in the judgment.

  The court sua sponte raised a concern as to the authority for imposition of restitution in this case. Under 42 U.S.C. § 408(b) the court may impose restitution only in favor of "individuals" and the Commissioner of Social Security. The State of Alaska is neither an individual nor is it the Commissioner. The court asked for further briefing. The United States eventually responded at docket 21. There, it takes the position that the court has authority to impose restitution under 18 U.S.C. § 3563(b). That provision applies to sentences of probation, and defendant was sentenced to 27 days of incarceration to be followed by supervised release. However, by virtue of 18 U.S.C. § 3583(d)(3), the court may include in the conditions of supervised release any condition that may be imposed under the portion of 18 U.S.C. § 3563(b) which is pertinent here.

  Thus, the question is whether section 3563(b) authorizes restitution to the State of Alaska which is undeniably a victim. It does. Subsection 3563(b)(2) authorizes imposition of restitution "under section 3556 (but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A)." (Italicized emphasis added). The limitation in section 3663(b) is one which confines the imposition of restitution to crimes which are a violation of Title 18 or certain sections of Title 21, thus by implication excluding offenses which are in violation of the provisions found in other titles, such as Title 42. Absent the limitation, the court has discretion to include restitution for violation of such provisions. Here, when all the factors pertinent to the exercise of the courts discretion are considered, restitution is appropriate (indeed, defendant himself did not contest that he should reimburse the State of Alaska in the amount of the permanent fund dividends he obtained by fraud).

For the reasons above, the court will include in its judgment a restitution obligation requiring defendant to pay the State of Alaska restitution in the amount of $4,714.28.

**IT IS SO ORDERED**.

_____